■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST SINGER, Appellant. — Appeals (1) from a judgment of the County Court of Ulster County (Clyne, J.), rendered January 14, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree, and (2) from a judgment of said court, rendered January 14, 1983, convicting defendant upon his plea of guilty of the crime of bail jumping in the first degree. ¶ Defendant was convicted after trial of selling LSD to an undercover State Police investigator and pleaded guilty to bail jumping in the first degree. He was sentenced to concurrent indefinite terms of imprisonment of five years to life for the drug sale and one to four years for bail jumping. Defendant contends that on this appeal that the affirmative defense of entrapment was established as a matter of law at the trial and, although he failed to raise the defense affirmatively as required by law, he is entitled nonetheless to a reversal. Defendant neither interposed the defense of entrapment nor offered proof thereof and he failed to request a charge on the issue. We do not agree with defendant's contention that the evidence presented proves entrapment as a matter of law. The conduct of the police agent did not rise to the level of "active inducement or encouragement" as required by section 40.05 of the Penal Law (see People v Seale, 47 NY2d 923). Having failed to raise the defense at trial, defendant is foreclosed from litigating the issue for the first time on appeal (see People v Irby, 61 AD2d 386, 400, mod on other grounds 47 NY2d 894). ¶ We also find no merit in defendant's contention that section 220.00 (subd 1) of the Penal Law is unconstitutionally vague. The statute is clear on its face and sets out in unambiguous language what acts are proscribed. We also find that the sentence imposed was not harsh or excessive under the circumstances. The transgression was a serious one and defendant's disregard of the law is further evidenced by his bail jumping. We decline to substitute our judgment for that of the sentencing court under these circumstances. ¶ Judgments affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.