*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 30, 2015                    106300
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DUSTIN R. HUMMEL,
                        Appellant.
_____

Calendar Date:  March 27, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        John R. Trice, Elmira, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Otsego County
(Burns, J.), rendered June 14, 2013, convicting defendant upon
his plea of guilty of the crime of criminal sale of a controlled
substance in the third degree.

        In satisfaction of a two-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree and purportedly waived his right to appeal.  The
plea agreement contemplated that defendant would be sentenced, as
a second felony offender, to 4½ years in prison to be followed by
two years of postrelease supervision.  County Court imposed that
sentence, and defendant now appeals.

We affirm. Defendant's contention that the motion practice and discovery efforts of defense counsel amounted to ineffective assistance was "forfeited by his guilty plea, as a defendant who enters a plea and admits guilt 'may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered'" (People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013], quoting People v Hansen, 95 NY2d 227, 230 [2000]). Defendant further asserts that he was improperly sentenced as a second felony offender, inasmuch as he was deprived of the opportunity to contest the allegations contained in the prior felony information as required by CPL 400.21 (3). This claim is unpreserved for our review given defendant's failure to object at sentencing (see People v House, 119 AD3d 1289, 1290 [2014]; People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]). In any event, because a second felony offender statement was filed by the People and defendant was well aware that he would be sentenced as a second felony offender when he entered his guilty plea, we find that there was substantial compliance with CPL 400.21 (see People v Bouyea, 64 NY2d 1140, 1142 [1985]; People v Chrysler, 260 AD2d 945, 945-946 [1999]; People v Mann, 258 AD2d 738, 739 [1999], lv denied 93 NY2d 900 [1999]).

Garry, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court