## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 8, 2015                    107034
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SEDDY RICHARDSON,
                        Appellant.
_____

Calendar Date:   September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

_____

        Gordon Eddy, Albany, for appellant.

        J. Anthony Jordon, District Attorney, Fort Edward (Sara E. Fischer of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered August 7, 2014, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

        Defendant, an inmate, was found with drugs concealed on his body and was thereafter charged in a three-count indictment with promoting prison contraband in the first degree and related charges.  In satisfaction thereof, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree.  As agreed, he was sentenced, as an admitted second felony offender, to a prison term of 1½ to 3 years, to be served consecutively to the sentence he was then serving. Defendant now appeals.

Defendant contends that his guilty plea was not knowing, voluntary and intelligent in that County Court misadvised him regarding the consequences that his guilty plea might have on potential enhanced sentencing for a felony he may commit in the future.  This claim is unpreserved, however, as the record does not reflect that defendant made an appropriate postallocution motion to withdraw his plea (see People v Wheeler, 128 AD3d 1177, 1178 [2015]).  Nor is the narrow exception to the preservation requirement applicable as defendant made no statements during the plea allocution that negated an element of the crime or otherwise called into doubt his guilt or the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]).  In any event, County Court advised defendant that, if he pleaded guilty, he would "be known as a prior felony offender in the future" and that if he were convicted of another felony "within the next [10] years" the "sentence would include incarceration [in] state prison."  The court was not required to explain that in calculating the 10-year period, periods of incarceration would be excluded, and the court's comments did not erroneously suggest that enhanced sentencing would only be possible for the next 10 consecutive years (see Penal Law § 70.06 [1] [b] [v]).  Moreover, "defendant's eligibility for an enhanced sentence upon a hypothetical future conviction is merely a 'collateral consequence' of a plea of guilty that the defendant need not be advised of in order for the guilty plea to be deemed fully informed" (People v August, 33 AD3d 1046, 1050 [2006], lv denied 8 NY3d 878 [2007]; see People v McGrath, 43 NY2d 803, 804 [1977]; People v Brown, 68 AD3d 1150, 1151 [2009]; People v Folk, 43 AD3d 1229, 1230 [2007], lv denied 9 NY3d 1033 [2008]).

Garry, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court