*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                106566
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL GARRY,
                        Appellant.
_____

Calendar Date:  October 23, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Grasso, Rodriguez & Grasso, Schenectady (Nicholas J. Grasso
of counsel), for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered October 22, 2013, convicting
defendant upon his plea of guilty of the crimes of arson in the
third degree and criminal sale of a controlled substance in the
fifth degree.

        In May 2012, defendant was indicted for three counts of
criminal sale of a controlled substance in the third degree and
three counts of criminal possession of a controlled substance in
the third degree.  Defendant later waived indictment and was
charged by superior court information with an additional charge
of arson in the third degree.  Defendant thereafter pleaded
guilty to one count of arson in the third degree and one count of

criminal possession of a controlled substance in the fifth degree in satisfaction of all outstanding charges and waived his right to appeal with regard thereto. County Court thereafter sentenced him in accordance with the revised plea agreement to concurrent terms of imprisonment, the maximum being a term of 4 to 12 years, and ordered him to pay restitution.[1] Defendant appeals.

We affirm. With regard to defendant's claim that he was denied the effective assistance of counsel, to the extent that such claim is alleged to have impacted the voluntariness of his plea, it survives his appeal waiver; however, it is not preserved for our review as the record does not reflect that he moved to withdraw his plea (see People v Ortiz, 127 AD3d 1416, 1417 [2015], lv denied ___ NY3d ___ [Oct. 1, 2015]) and the narrow exception to the preservation requirement is inapplicable inasmuch as defendant made no statements during his plea colloquy that would cast doubt on the voluntariness of his plea (see People v Van Clief, 122 AD3d 1062, 1063 [2014], lv denied 24 NY3d 1221 [2015]). Further, to the extent that defendant contends that counsel made certain misrepresentations regarding the terms of the plea agreement, such claims involve matters outside the record and, therefore, are more properly the subject of a CPL article 440 motion (see People v Toback, 125 AD3d 1060, 1061-1062 [2015], lv denied 25 NY3d 993 [2015]; People v Stroman, 106 AD3d 1268, 1271 [2013], lv denied 21 NY3d 1046 [2013]).

Additionally, upon review of the plea colloquy and defendant's written waiver, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Viele, 130 AD3d 1097, 1097 [2015]). In light of defendant's valid appeal waiver, defendant is precluded from challenging the agreed-upon sentence as harsh and excessive (see People v Tyler, 130 AD3d 1383, 1385 [2015]).

---

[1] The plea agreement originally called for a prison sentence of 5 to 15 years; however, upon review of the presentence investigation report and with defendant's consent, County Court ultimately reduced defendant's maximum sentence to 4 to 12 years.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court