Pigott, J.
(dissenting). The majority’s decision today exempts defendant’s post-conviction motion from the same rules of preservation that bar his direct appeal. Because this distinction has no basis in law or in logic and runs afoul of our longstanding preservation jurisprudence, I dissent and would affirm the order of the Appellate Division.
As the majority correctly recognizes, a challenge to the equivalency of a foreign felony conviction must be preserved by timely objection in the sentencing court (see People v Smith, 73 NY2d 961, 962-963 [1989]). This is so because determining whether a particular out-of-state conviction is the equivalent of a New York felony may involve the production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions (see People v Samms, 95 NY2d 52, 57 [2000]).
*616 Timely objection is also required by statute. Section 400.21 of the Criminal Procedure Law governs the procedure to be used when the People seek an enhanced sentence based on a defendant’s prior conviction. It requires the People to provide the defendant with a predicate felony statement, setting forth the date and place of the prior conviction and alleging that the prior conviction is a valid “predicate” within the meaning of Penal Law § 70.06 (CPL 400.21 [2]). The court must provide the defendant an opportunity to object to or controvert the allegations in the People’s statement (CPL 400.21 [3]). Any “[u]ncontroverted allegations . . . shall be deemed to have been admitted” (id.).
The People complied with CPL 400.21 in this case by providing defendant with a predicate felony statement containing the date and place of his prior attempted robbery conviction. It clearly stated that his D.C. conviction for attempted robbery constituted “a predicate felony, as defined in [Penal Law § 70.06 (1) (b)].” The court explained to defendant that he had out-of-state convictions that would be the equivalent of felonies if they had occurred in New York, and the court asked if defendant understood that the convictions would be recognized as felonies. Defendant stated that he understood and that he still wished to plead guilty. Therefore, the allegations in the statement, including the allegation that defendant’s D.C. conviction is a valid predicate felony, were deemed admitted (see CPL 400.21 [3], [8]).
The fact that the court’s colloquy did not specifically address the D.C. conviction does not excuse defendant from his statutory obligation to object (see majority op at 611 n 1). We have previously held that the “statutory purposes for filing a predicate statement (CPL 400.21) [are] satisfied” when a defendant is provided “with reasonable notice and an opportunity to be heard” (People v Bouyea, 64 NY2d 1140, 1142 [1985]). Here, although he was given a copy of the predicate felony statement and admitted to the existence of the prior conviction, defendant “raised no challenge to the court’s consideration of the prior conviction” and “made no objection to being sentenced as a predicate felon” (id.). Therefore, defendant’s claim has been statutorily waived (see People v Hummel, 127 AD3d 1506, 1507 [3d Dept 2015] [rejecting defendant’s challenge to his second felony offender status based on the court’s failure to comply with CPL 400.21 (3) because defendant failed to object at sentencing and because “there was substantial compliance with CPL 400.21”]).
*617 It is difficult to overstate how consistently the courts of this state have relied on CPL 400.21 and our holding in Smith to reject claims like the one defendant raises here. The Appellate Divisions uniformly find challenges to the equivalency of a foreign felony conviction unpreserved or waived where defendants fail to raise the issue at sentencing (see People v De Aga, 74 AD3d 552, 552 [1st Dept 2010] [finding defendant’s challenge to the equivalency of his foreign felony conviction unpreserved based on Smith but reaching the issue in the interest of justice]; People v Kelly, 65 AD3d 886, 887 [1st Dept 2009], lv denied 13 NY3d 860 [2009] [finding defendant’s claim unpreserved based on Smith]; People v Delston, 62 AD3d 1023, 1023 [2d Dept 2009], lv denied 13 NY3d 835 [2009] [citing to Smith]; People v Crippa, 245 AD2d 811, 812 [3d Dept 1997] [citing to CPL 400.21]; People v Gonzalez, 61 AD3d 1428, 1429 [4th Dept 2009] [citing to CPL 400.21]; see also Delston v New York, 2010 WL 3004591, *6-7, 2010 US Dist LEXIS 76701, *17-18 [ED NY 2010] [finding defendant’s claim that he was improperly sentenced as a second felony offender procedurally barred from habeas review because he failed to controvert the equivalency of the foreign conviction at sentencing]).
Notably, each of the defendants in the aforementioned cases raised his claim in a CPL 440.20 motion to set aside the sentence. Unlike the majority, those courts draw no distinction between a direct appeal and a post-conviction motion for purposes of preservation. And rightly so. Nothing in the Criminal Procedure Law or our decisions interpreting it allows us to review unpreserved claims simply because they are raised in a CPL 440.20 motion. Rather, the purpose of CPL 400.21 (3) and our contemporaneous-objection rule is to promote finality and prevent further litigation over belated claims like the one defendant raises here, which could have been resolved with a specific and timely objection (see CPL 470.05 [2]; People v Lopez, 71 NY2d 662, 665 [1988]).* The majority’s decision today burdens appellate courts with an issue that can and should be litigated in the first instance. In the process, it has allowed this defendant to achieve an end-run around our preservation rules that I suspect future litigants will repeat.
*618 Although I would not reach the merits of defendant’s unpreserved claim, since the majority has, I will express my disagreement on that front as well.
The majority holds that the courts below erred in looking beyond the elements of the D.C. and New York robbery statutes because District of Columbia Code § 22-2801 does not criminalize different acts of robbery but merely different ways of committing a robbery, one of which would not be a felony if committed in New York (majority op at 614). This is a hyper-technical reading of the D.C. statute and of our decisions regarding the equivalency of foreign felony convictions.
As originally conceived, the Olah rule (see majority op at 613) did not require courts to abstain altogether from considering the factual allegations of a charge. It merely acknowledged that indictments often contain nonessential facts that go beyond what the statute requires (see People v Olah, 300 NY 96, 101 [1949]). And if we considered only the indictment in determining whether a defendant was convicted of a crime in another jurisdiction that would be a felony if committed in New York, we would run the danger of extending or enlarging the crime of which he was actually convicted (id.).
The facts in Olah provide the perfect example. The defendant in that case was accused of having stolen a wallet, in New Jersey, that contained $200. Although it was a felony in New York to steal more than $100, the defendant in Olah pleaded guilty to a New Jersey offense that made it a crime to steal $20 or more. By looking at the facts of the indictment rather than the statutory elements, the lower court said that defendant’s New Jersey conviction was equivalent to a felony in New York because, as the indictment alleged, he stole more than $100. We reversed, stating it did not matter whether the defendant in fact stole more than $100, because he pleaded guilty only to stealing $20 (id. at 100). Similarly, if the defendant had gone to trial in New Jersey and been found “guilty,” the verdict would have reflected only that he stole money that amounted to at least $20 because the prosecution never would have had to prove beyond a reasonable doubt that defendant stole more than $100, as New York requires.
Thus, the “intent and spirit of the Olah rule require that the courts of New York abstain from considering the surplusage contained in the indictment or information” (People ex rel. Gold v Jackson, 5 NY2d 243, 245 [1959] [emphasis added]; see also *619 People v Muniz, 74 NY2d 464, 470 [1989] [finding it improper to look to the factual allegations in an accusatory instrument only where the controversy does not turn upon them]). It does not prohibit us from considering the accusatory instrument in order to clarify or identify the particular crime of which defendant was convicted (People v Gonzalez, 61 NY2d 586, 591 [1984]; Muniz, 74 NY2d at 468).
A practical reading of the D.C. statute at issue shows that it criminalizes multiple acts, all of which would be felonies in New York (acts of violence and force and by putting in fear) except one, which would be a misdemeanor (taking property by sudden or stealthy seizure or snatching) (see DC Code § 22-2801). In order to ascertain the particular crime of which defendant was convicted, it was appropriate for the courts below to consider the facts alleged in the accusatory instrument. When they did, it became clear that defendant was convicted of attempted robbery for using force or violence against resistance and for putting the victim in fear, both of which would be felonies if committed in New York. If the opposite had been true — if defendant indeed had been a pickpocket — those facts too could be considered by the sentencing court and the predicate felony statement rejected. Thus, the importance of preservation.
Chief Judge Lippman and Judges Rivera, Abdus-Salaam and Fahey concur; Judge Pigott dissents and votes to affirm in an opinion.
Order reversed and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein.

 To be sure, defendant had every incentive not to object to the foreign felony conviction. The agreement he negotiated allowed him to plead guilty to one count of robbery in the first degree in satisfaction of the 12 charges for which he was indicted.