*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016        106265
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                 MEMORANDUM AND ORDER

JON J. SAWYER,
               Appellant.
_____

Calendar Date:  November 18, 2015

Before:  Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

_____

John A. Cirando, Syracuse, for appellant.

Mary E. Rain, District Attorney, Canton (Ramy Louis of counsel), for respondent.

_____

Rose, J.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 17, 2013, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and criminal possession of a forged instrument in the second degree (six counts).

Defendant was charged by indictment with one count of grand larceny in the fourth degree, six counts of criminal possession of a forged instrument in the second degree and one count of attempted bribing a witness.  County Court dismissed the count of attempted bribing a witness, and defendant pleaded guilty to the remaining seven counts.  During the plea allocution, defendant also orally waived his right to appeal and executed a written appeal waiver.  After defendant was allowed to complete a drug

rehabilitation program pursuant to his plea agreement, County Court sentenced him, as a second felony offender, to an aggregate prison term of 4 to 8 years. He now appeals.

Defendant first argues that he did not knowingly waive his right to appeal. Our review of the record reveals, however, that County Court explained the meaning of the appeal waiver to defendant, noted that it is separate and distinct from the rights forfeited by his guilty plea, and ascertained that he understood it and had no questions about it. Defendant also signed a written waiver of appeal with the assistance of counsel in open court. Accordingly, the record amply demonstrates that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Jackson, 129 AD3d 1342, 1342 [2015]; People v Toback, 125 AD3d 1060, 1061 [2015], lv denied 25 NY3d 993 [2015]). Nor can we agree with defendant's argument that this was a situation in which he agreed to plead guilty with "'no [return] promise, plea agreement, reduced charge, or any other bargain or consideration'" from the People or the court (People v Crump, 107 AD3d 1046, 1047 [2013], lv denied 21 NY3d 1014 [2013], quoting People v Nicelli, 74 AD3d 1235, 1236 [2010]; see People v Coles, 13 AD3d 665, 666 [2004]). Rather, in exchange for his guilty plea, defendant was released prior to sentencing and allowed to seek inpatient drug rehabilitation treatment. The court also assured defendant that successful completion of such a program would be taken into consideration at sentencing. Ultimately, the court credited defendant with full completion of the program and sentenced him to an aggregate prison term of 4 to 8 years, far less than the maximum sentence that would have been legally permissible (see Penal Law §§ 70.06 [3] [d], [e]; 155.30 [1]; 170.25).

While defendant's challenge to the voluntariness of his guilty plea survives his appeal waiver, it is unpreserved for our review as he failed to make a postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Richardson, 132 AD3d 1022, 1023 [2015]; People v Broomfield, 128 AD3d 1271, 1271 [2015]). Nor does the narrow exception to the preservation requirement apply here, as the record does not reflect that he "made [any] statements during the plea allocution that negated an element of

the crime or otherwise called into doubt his guilt or the voluntariness of his plea" (<u>People v Richardson</u>, 132 AD3d at 1023; <u>see</u> <u>People v Lopez</u>, 71 NY2d 662, 666 [1988]).  Defendant's remaining arguments are precluded by his valid waiver of appeal.

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court