## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 30, 2016                    107018
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JONATHAN MALDONADO,
                    Appellant.
_____

Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____


        Danielle Neroni Reilly, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____


Garry, J.

        Appeal from a judgment of the Supreme Court (McDonough,
J.), rendered May 2, 2014 in Albany County, convicting defendant
upon his plea of guilty of the crime of burglary in the second
degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to burglary in the second degree and waived his
right to appeal both orally and in writing.  In accordance with
the plea agreement, he was sentenced to six years in prison, to
be followed by three years of postrelease supervision.  Defendant
now appeals.

        Initially, although defendant's waiver of his right to
appeal does not preclude his challenge to the voluntariness of

his guilty plea, we find that this challenge is not preserved for our review as the record fails to disclose that defendant made an appropriate postallocution motion to withdraw his plea (see People v Buck, 136 AD3d 1117, 1118 [2016]; People v Garry, 133 AD3d 1039, 1039 [2015]).  Moreover, the exception to the preservation rule does not apply as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt (see People v Sawyer, 135 AD3d 1164, 1165 [2016], lv denied 27 NY3d 1006 [2016]; People v Garry, 133 AD3d at 1040). Defendant further asserts that the interpreter who was present to assist him during the plea proceedings was not properly sworn and that he was confused by the interpretation, which affected the voluntariness of his plea.  This claim too has not been preserved for our review due to defendant's failure to make an appropriate postallocution motion (see People v Vasquez, 61 AD3d 1109, 1111 [2009]; People v Tofaj, 14 AD3d 734 [2005], lv denied 5 NY3d 795 [2005]).  Accordingly, the judgment must be affirmed.

Peters, P.J., Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court