*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                      106875
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

ROBERT A. HORTON,
                        Appellant.
_____

Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Norbert A. Higgins, Binghamton, for appellant, and
appellant pro se.

        Weeden A. Wetmore, District Attorney, Elmira (Sophie M.
Marmor of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered February 3, 2014, convicting
defendant upon his plea of guilty of the crime of grand larceny
in the third degree.

        Defendant pleaded guilty to a single-count indictment
charging him with grand larceny in the third degree, a class D
felony (see Penal Law § 155.35).  In accordance with the terms of
the plea agreement, he was sentenced as a second felony offender
to 2 to 4 years in prison.  He now appeals.

        Defendant's challenge to the voluntariness of his guilty
plea has not been preserved for our review as the record does not

indicate that he made an appropriate postallocution motion to withdraw his plea (see People v Buck, 136 AD3d 1117, 1118 [2016]; People v Garry, 133 AD3d 1039, 1039 [2015]).  Moreover, a review of the plea colloquy fails to disclose that defendant made statements that negated his guilt so as to trigger the exception to the preservation requirement (see People v Sawyer, 135 AD3d 1164, 1665 [2016], lv denied 27 NY3d 1006 [2016]; People v Garry, 133 AD3d at 1040).  Defendant contends in his pro se brief that his attorney was ineffective because he failed to advise him of a potential affirmative defense and that this omission influenced his decision to plead guilty.  To the extent that this claim implicates the voluntariness of defendant's guilty plea, it is also not preserved for our review due to the absence of an appropriate postallocution motion (see People v Islam, 134 AD3d 1348, 1349 [2015]; People v Griffin, 134 AD3d 1228, 1230 [2015]).  Furthermore, we reject defendant's challenge to the severity of his sentence as he received the minimum legally permissible sentence for a second felony offender convicted of a class D felony (see Penal Law § 70.06 [3] [d]; [4] [b]; People v Iadicicco, 100 AD3d 1147, 1147 [2012]; People v Vasquez, 71 AD3d 1179, 1181 [2010], lv denied 14 NY3d 894 [2010]).

Garry, Rose, Mulvey and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court