## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 22, 2016                106637
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

EDWARD P. FOLI,
                        Appellant.
_____

Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Sophie J. Marmor of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Chemung County (Keene, J.), rendered December 16, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fifth degree.

        In satisfaction of a three-count indictment, defendant pleaded guilty to criminal possession of stolen property in the fifth degree.  He was thereafter sentenced, in accordance with the plea agreement, to three years of probation.  Defendant now appeals.

        Initially, defendant's challenges to the voluntariness of his guilty plea and the effectiveness of his counsel have not been preserved for our review inasmuch as the record does not

disclose that he made an appropriate postallocution motion (see People v Constantopoules, 141 AD3d 942, 943 [2016]; People v Beverly, 140 AD3d 1400, 1401 [2016], lvs denied 28 NY3d 927, 933 [2016]).  Moreover, the exception to the preservation rule is inapplicable here as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt (see People v Maldonado, 140 AD3d 1530, 1530 [2016], lv denied 28 NY3d 1029 [2016]; People v Hernandez, 140 AD3d 1521, 1522 [2016], lv denied 28 NY3d 971 [2016]).  Defendant's further claim that the sentence is harsh and excessive is unpersuasive.  The sentence imposed was consistent with the terms of the plea agreement and allowed defendant to avoid potential jail time.  The fact that his codefendants may have received lesser sentences does not establish that the sentence he received was unduly severe (see People v Morrison, 71 AD3d 1228, 1230 [2010], lv denied 15 NY3d 754 [2010]; People v Boyd, 26 AD3d 534, 534 [2006], lv denied 7 NY3d 752 [2006]).  We find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see CPL 470.15 [6] [b]).

Garry, Devine, Mulvey and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court