*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016          106960
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

RICHARD E. LAFLOWER,
                    Appellant.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton, for
respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered June 19, 2014, convicting defendant upon
his plea of guilty of the crime of attempted robbery in the
second degree.

        In November 2013, defendant was charged in an indictment
with robbery in the first degree in connection with a holdup at a
pharmacy that occurred in 2010.  Although surveillance videos and
DNA evidence tied defendant to the crime, he claimed that he had
no recollection of the events as he was a chronic user of
controlled substances in 2010.  Notwithstanding his lack of
memory, defendant agreed to enter a plea of guilty to attempted
robbery in the second degree in satisfaction of the indictment
because, although there were minor inconsistencies in the

evidence, he believed that the DNA evidence proved that he was the perpetrator.  In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to four years in prison, to be followed by five years of postrelease supervision.  He now appeals.

Defendant's sole contention is that his guilty plea was not knowing, voluntary and intelligent.  Preliminarily, we note that, inasmuch as defendant failed to make an appropriate postallocution motion, this claim is unpreserved for our review (see People v Lunan, 141 AD3d 947, 948 [2016]; People v Horton, 140 AD3d 1525, 1525 [2016]).  Nevertheless, we find that the narrow exception to the preservation rule is applicable because defendant's statement during the plea colloquy that he had no recollection of committing the crime due to drug use raises the unaddressed question of his ability to form the intent to forcibly steal property, an essential element of the crime of attempted robbery (see Penal Law §§ 110.00, 160.10; People v Mateo, 13 AD3d 987, 988 [2004], lv denied 5 NY3d 883 [2005]; see generally People v Serrano, 15 NY2d 304, 308-309 [1965]).  Under these circumstances, defendant's statement "casts significant doubt upon [his] guilt or otherwise calls into question the voluntariness of the plea," such that County Court was required to conduct a further inquiry to ensure that defendant's guilty plea was knowing and voluntary (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Mox, 20 NY3d 936, 938 [2012]; People v Green, 141 AD3d 837, 838 [2016]).  Here, County Court did not conduct such an inquiry or probe into whether defendant understood his right to offer evidence of intoxication to negate the element of intent prior to accepting his guilty plea (see Penal Law § 15.25; see also People v Mox, 20 NY3d at 938-939; compare People v McCray, 139 AD3d 1235, 1236 [2016]; People v DeCenzo, 132 AD3d 1160, 1161 [2015], lv denied 27 NY3d 996 [2016]).  Accordingly, County Court erred in accepting the guilty plea and the judgment must be reversed (see People v Mox, 20 NY3d at 939).

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court