■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALUB L. RAYBURN, Appellant. [55 NYS3d 512]—

---

Aarons, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 9, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and unlawful manufacture of methamphetamine in the third degree.

Defendant was charged with criminal possession of a controlled substance in the second degree and unlawful manufacture of methamphetamine in the third degree. During the trial on these charges, defense counsel informed County Court that he had just been provided with certain letters written by defendant to an individual who was present when defendant was arrested and that one of the letters contained "very, very damning statements and admissions by [defendant]." Defense counsel further informed County Court that, on account of this new evidence, he had advised defendant that he should accept the plea agreement offer that had been presented to him prior to trial. Defendant thereafter pleaded guilty as charged and waived his right to appeal. County Court subsequently sentenced defendant, as a second felony offender, to an aggregate prison term of eight years, to be followed by five years of postrelease supervision. Defendant appeals.

We affirm. Defendant's sole contention on appeal, that his plea was not knowing, intelligent and voluntary, survives his waiver of the right to appeal, but is unpreserved for our review in light of his failure to move to make an appropriate postallocution motion (see People v Laflower, 145 AD3d 1341, 1342 [2016]; People v Taylor, 144 AD3d 1317, 1318 [2016], lv denied 28 NY3d 1151 [2017]). Although defendant sent County Court a letter seeking a mistrial and to vacate his plea, County Court rejected it three weeks prior to sentencing, informing him that the letter did not constitute a proper motion to withdraw his plea, as it contained no sworn allegations of fact, no citation to case law supporting his request and that it was not served on the People or defense counsel. At sentencing, County Court reiterated that defendant's letter did not constitute a motion to withdraw his plea. When given an opportunity to address County Court prior to sentencing, defendant did not make any further request to withdraw his plea and did not offer an affidavit or any other evidence in support of the issues raised in his letter. Accordingly, we conclude that defendant's challenge

to the voluntariness of his plea is not preserved for our review.*
Moreover, defendant did not make any statements during the
plea allocution so as to trigger the narrow exception to the
preservation rule (*see People v Lopez*, 71 NY2d 662, 665 [1988]).

Garry, J.P., Lynch, Rose and Clark, JJ., concur. Ordered that
the judgment is affirmed.

---

* Even if defendant's letter could be construed as a formal motion (*cf.
People v Spulka*, 285 AD2d 840, 840 [2001], *lv denied* 97 NY2d 643 [2001]),
defendant's claim is without merit inasmuch as "the court had before it only
the unsupported allegations of . . . defendant" (*People v Dixon*, 29 NY2d 55,
56 [1971]).