■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE L. LOWE, Appellant. [60 NYS3d 586]—

Mulvey, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 25, 2014, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to robbery in the second degree. County Court denied defendant's application for a "violent felony override," a document referred to in 7 NYCRR 1900.4 (c) (1) (iii), and sentenced defendant as a second felony offender to a prison term of seven years, followed by five years of postrelease supervision, pursuant to a plea agreement that also included a waiver of appeal. Defendant now appeals.

We affirm. Initially, the People correctly concede that defendant did not waive his right to appeal his conviction and sentence, as the record reveals that County Court failed to engage in any discussion with defendant as to the agreed-upon waiver during the plea allocution (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *People v Callahan*, 80 NY2d 273, 283 [1992]). As to the merits, defendant contends that his guilty plea was not knowing, voluntary and intelligent. Such contention was not preserved for our review inasmuch as the record does not reflect that defendant made an appropriate postallocution motion to withdraw his guilty plea (*see People v Millard*, 147 AD3d 1155, 1156 [2017], *lv denied* 29 NY3d 999 [2017]; *People v Laflower*, 145 AD3d 1341, 1342 [2016]). Furthermore, we are not persuaded by defendant's argument that his statements during the plea allocution cast doubt upon his guilt or upon the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (*see People v Franklin*, 146 AD3d 1082, 1084 [2017], *lv denied* 29 NY3d 948 [2017]; *People v Darrell*, 145 AD3d 1316, 1317 [2016]). Rather, the record establishes that defendant was advised of and understood the charge against him and the consequences of a guilty plea, had conferred with counsel before

entering his plea and unequivocally admitted that he committed the conduct constituting the crime charged and that he was pleading guilty because he was, in fact, guilty (*see People v Griffith*, 136 AD3d 1114, 1115 [2016], *lv denied* 28 NY3d 1184 [2017]; *People v Barnes*, 119 AD3d 1290, 1291 [2014], *lv denied* 25 NY3d 987 [2015]; *People v Bethel*, 69 AD3d 1126, 1127 [2010]). Finally, we reject defendant's further contention that County Court erred in denying his request for a violent felony override, as the issuance thereof is not provided for under any regulations or statutes, and County Court complied with the requirements of 7 NYCRR 1900.4 (c) (1) (iii) by issuing the sentence and commitment that properly specifies that defendant pleaded guilty to robbery in the second degree under Penal Law § 160.10 (1), the section under which defendant was convicted (*see People v Ellis*, 123 AD3d 1054, 1054 [2014], *lv denied* 25 NY3d 989 [2015]; *People v Nelson*, 121 AD3d 719, 720 [2014]; *People v Lynch*, 121 AD3d 717, 718-719 [2014], *lv denied* 24 NY3d 1086 [2014]).

Peters, P.J., Rose, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed.