People v Pittman (2018 NY Slip Op 00358)





People v Pittman


2018 NY Slip Op 00358


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107918

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DARRYL PITTMAN, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Jennifer Uhl, Law Intern), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered August 18, 2015 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In satisfaction of a two-count indictment and other pending charges, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree and waived his right to appeal. Supreme Court sentenced defendant as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of 1½ to 3 years, to run consecutively to the term he was currently serving. Defendant appeals.
We affirm. Although defendant's unchallenged waiver of the right to appeal does not preclude his contention that his plea was not voluntary, it is nevertheless unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Hopper, 153 AD3d 1045, 1046 [2017]; People v Ramos, 135 AD3d 1234, 1234-1235 [2016], lv denied 28 NY3d 935 [2016]). Furthermore, defendant made no statements during the plea colloquy that cast doubt on the voluntariness of the plea or triggered the narrow exception to the preservation requirement (see People v White, 153 AD3d 1041, 1041-1042 [2017]; People v Lowe, 153 AD3d 1043, 1043 [2017], lv denied 30 NY3d 981 [2017]; People v Royce, 122 AD3d 1008, 1009 [2014]).
Defendant's further contention that he was improperly sentenced as a second felony [*2]offender also is unpreserved for our review given that he did not object to the second felony offender statement at sentencing (see People v Hummel, 127 AD3d 1506, 1507 [2015], lv denied 25 NY3d 1202 [2015]; People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]) [26-28]. In any event, defendant pleaded guilty with the understanding that he would be sentenced as a second felony offender, a second felony offender statement was provided to defendant prior to sentencing, which defense counsel acknowledged that he reviewed with defendant in detail, and defendant declined the opportunity to controvert any aspect of the prior conviction set forth in the second felony offender statement. Notwithstanding some misstatements at sentencing regarding the dates of the prior felony offense, if the issue had been preserved, we would find that there was substantial compliance with CPL 400.21 (3) so as to give defendant adequate notice and an opportunity to contest the prior felony conviction, and, under the circumstances, that defendant was properly sentenced as a second felony offender (see People v Smith, 89 AD3d 1328, 1329 [2011]; People v Glynn, 72 AD3d 1351, 1352 [2010], lv denied 15 NY3d 773 [2010]; People v Ellis, 53 AD3d 776, 777 [2008]).
To the extent that defendant's ineffective assistance of counsel claim survives his unchallenged waiver of the right to appeal, it too is unpreserved for our review inasmuch as the record does not reflect that defendant moved to withdraw his plea (see People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]; People v Caldwell, 80 AD3d 998, 998 [2011], lv denied 16 NY3d 857 [2011]).
McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.