People v Gray (2018 NY Slip Op 04398)





People v Gray


2018 NY Slip Op 04398


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

108474

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DERRICK GRAY, Also Known as SUPREME, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Michael P. Graven, Owego, for appellant, and appellant pro se.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen Ferri of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 9, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.
Defendant pleaded guilty to a single-count indictment charging him with robbery in the third degree. He was sentenced as a second felony offender, in accordance with the plea agreement, to a prison term of 2 to 4 years. Defendant appeals.
Defendant's challenges to the sufficiency and voluntariness of the plea are unpreserved for our review in the absence of an
appropriate postallocution motion (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Bailey, 158 AD3d 948, 948 [2018]). Further, the narrow exception to the preservation requirement is inapplicable as the record fails to reflect any statement during the plea colloquy that negated an element of the offense or otherwise called into question the voluntariness of the plea so as to trigger further inquiry by County Court (see People v Depugh, 158 AD3d 945, 945-946 [2018]). Contrary to defendant's contention, "it was not necessary for [him] to engage in a factual recitation of the elements of the crime and . . . his affirmative responses to the court's questions were sufficient to establish his guilt" (People v Griffith, 136 AD3d 1114, 1115 [2016], lv denied 28 NY3d 1184 [2017]).
We find defendant's challenge to the severity of the sentence to be without merit. The [*2]agreed-upon sentence was not harsh or excessive inasmuch as it was the statutory minimum prison term for a second felony offender convicted of a class D felony (see Penal Law § 70.06 [2], [3] [d]; People v Horton, 140 AD3d 1525, 1525 [2016]). Defendant's remaining contentions raised in his pro se brief have been reviewed and are without merit.
Garry, P.J., McCarthy, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.