People v LaPierre (2021 NY Slip Op 04055)





People v LaPierre


2021 NY Slip Op 04055


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

107554 109733 110062
[*1]The People of the State of New York, Respondent,
v
Mark A. LaPierre, Appellant.

Calendar Date:May 27, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Kelly M. Monroe, Albany, for appellants, and appellantpro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Jamie Douthat of counsel), for respondent.



Aarons, J.
Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered March 24, 2015, convicting defendant upon his pleas of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and conspiracy in the fourth degree, and (2) by permission, from an order of said court (Bruno, J.), entered September 7, 2017, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing, and (3) by permission, from an order of said court (Bruno, J.), entered January 3, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of a six-count indictment stemming from the sale of heroin on two occasions, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree. As part of the plea agreement, which satisfied all known, uncharged drug-related crimes, defendant was required to waive his right to appeal. At sentencing, defendant unsuccessfully orally moved, pro se, to withdraw his guilty plea, raising multiple claims, including that he had received ineffective assistance of counsel. County Court (McGill, J.) later denied defendant's written pro se motion to withdraw his plea, in a written decision, finding that the guilty plea had been knowing, voluntary and intelligent.[FN1] The court sentenced defendant, as a second felony offender, to the agreed-upon prison terms of 5½ years to be followed by two years of postrelease supervision (hereinafter PRS) on each criminal sale conviction, and 1½ to 3 years on the conspiracy conviction, all sentences to run concurrently. The court also imposed restitution for the controlled drug buys, surcharges and fines of $1,000 on each conviction, as contemplated in the agreement.
Defendant subsequently moved, pro se, to set aside his sentence pursuant to CPL 440.20 and, later, to vacate the judgment of conviction pursuant to CPL 440.10. County Court (Bruno, J.) denied both motions, without a hearing, in written decisions. Defendant appeals from the judgment of conviction and, by permission, from the orders denying his CPL article 440 motions.
Initially, we agree with defendant that his waiver of appeal is not valid. County Court (McGill, J.) failed to adequately advise him that the right to appeal was separate and distinct from the rights he was automatically forfeiting by pleading guilty and used overly-broad language regarding the scope of the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]). Although the record contains a written waiver apparently executed on the day of the plea allocution, it was overbroad and inaccurate (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]).
To the extent that defendant's challenge to his guilty plea was preserved by his unsuccessful oral and written motion to withdraw his plea, it lacks merit[*2].[FN2] Contrary to defendant's claim, the record reflects that, prior to the plea allocution, he was clearly advised of the terms of the plea agreement, including the counts to which he would be pleading guilty, the sentences to be imposed on each and that a period of PRS would be required, and he agreed to those terms unequivocally. The record also unambiguously reflects that defendant was aware that a prior plea offer, which came with a higher aggregate prison sentence, had been renegotiated by defense counsel and replaced by the current plea offer, which had different terms that were made clear to and accepted by him, including that he would enter a guilty plea to three counts. A review of the record establishes that defendant, in pleading guilty, made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]). Accordingly, as defendant unequivocally pleaded guilty and admitted the factual allegations of the crimes, and because his litany of claims of coercion, fraud, innocence and mistake are unsupported or contradicted by the record, County Court did not abuse its discretion in denying his motion to withdraw his plea (see People v Haffiz, 19 NY3d 883, 884-885 [2012]; People v Fiumefreddo, 82 NY2d 536, 546-548 [1993]; People v Walker, 173 AD3d 1561, 1562 [2019]).
To the extent that defendant argues that County Court erred in refusing to assign substitute counsel when, at sentencing, he moved to withdraw his guilty plea based in part on complaints regarding counsel, "he failed to demonstrate good cause for such substitution and we discern no abuse of discretion in the court's inquiry" and denial of the request (People v Blanford, 179 AD3d 1388, 1392 [2020], lv denied 35 NY3d 968 [2020]; see People v Porto, 16 NY3d 93, 99-100 [2010]). Moreover, defense counsel had no obligation to join defendant's pro se motions (see People v Blanford, 179 AD3d at 1392). Defendant did not, at any point during sentencing, request to proceed pro se and, instead, asked for permission to submit pro se motions following sentencing, which the court permitted. In defendant's subsequent written pro se motion to withdraw his guilty plea, he requested to proceed pro se on that motion and, after an inquiry, he was permitted to do so, and his motion to withdraw his plea was denied. Accordingly, defendant's right to proceed pro se was honored, and his request during the pro se inquiry for hybrid representation was properly denied (see People v Rodriguez, 95 NY2d 497, 501-502 [2000]).
Defendant further contends that County Court failed to comply with CPL 400.21 (3) by not inquiring if he had received and reviewed a copy of the predicate offender statement. Defendant did not raise this procedural claim at sentencing and, thus, it is unpreserved for our review (see People v Iorio, 188 AD3d 1352, 1354 [2020], lv denied 36 NY3d 1051 [2021]). In any event, defense counsel indicated at sentencing that he [*3]provided defendant with a copy of the statement. Although defendant briefly stated that he "would challenge" the predicate conviction and had an opportunity to do so prior to sentencing, he did not controvert any particular fact or allegation in the statement, as required, or request a hearing. As defendant pleaded guilty with the understanding that he would be sentenced as a second felony offender, and he does not now dispute that he was, in fact, a second felony offender, we find that there was substantial compliance with CPL 400.21 and that defendant was properly adjudicated to be a second felony offender (see People v Tariq, 166 AD3d 1248, 1249 [2018], lvs denied 32 NY3d 1173, 1178 [2019]; People v Hummel, 127 AD3d 1506, 1507 [2015], lv denied 25 NY3d 1202 [2015]).
Defendant also challenges, on several grounds, the denial of his motion to set aside the sentence (see CPL 440.20).[FN3] Although a motion pursuant to CPL 440.20 is the proper vehicle to challenge a sentence as "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]; see People v Jurgins, 26 NY3d 607, 612 [2015]), County Court (Bruno, J.) correctly determined that defendant had not established any such basis upon which to set aside the sentence. The fines imposed on each drug-sale conviction were part of the agreed-upon disposition and were authorized (see Penal Law §§ 80.00, 80.15), and the $300 surcharge and crime victim assistance fee were mandatory (see Penal Law § 60.35 [1] [a] [i]; CPL 420.40 [3]). The court properly declined to consider the statutory constitutional challenges raised in the motion based upon, among other deficiencies, the failure to notify the Attorney General (see CPLR 1012 [b]).[FN4] Defendant's challenge to the amount of the restitution ordered and failure to hold a hearing is unpreserved, as he was aware of the amount of restitution to be ordered at the time he entered the guilty plea and did not request a hearing or object to the amount at any point during sentencing (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Bonfey, 185 AD3d 1091, 1091-1092 [2020]).[FN5] Restitution was authorized to the Clinton County District Attorney for the amount of funds expended in the purchase of drugs from defendant under the drug-sale counts to which he pleaded guilty, as documented in the victim impact statement (see Penal Law § 60.27 [9]). We have considered defendant's other contentions raised in this motion and, as none establishes that the sentence was unauthorized, illegally imposed or otherwise invalid as a matter of law, we find that the motion was properly denied without a hearing (see CPL 440.20 [1]; 440.30 [4]).[FN6]
Defendant argues that he was denied the effective assistance of counsel and that County Court erred in denying his motion to withdraw his guilty plea and his motion pursuant to CPL 440.10, which both raised this claim. Defendant's many claims regarding counsel's deficiencies, taken together, are largely refuted [*4]by the record on direct appeal, are otherwise unsubstantiated by his motion papers and do not support a finding that he was denied meaningful representation (see People v Taylor, 156 AD3d 86, 92 [2017], lv denied 30 NY3d 1120 [2018]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Pace, 192 AD3d 1274, 1275 [2021] [internal quotation marks and citations omitted]). Counsel made appropriate pretrial motions, negotiated a favorable disposition on the separate drug-sale convictions (see Penal Law §§ 70.25 [2]; 70.70 [3] [b] [i]) and ensured that the plea satisfied other uncharged, drug-related offenses. Contrary to defendant's claim, counsel did not argue against diversion but, rather, offered his opinion that, given his extensive criminal record, it was unlikely to be granted, an opinion also expressed by the People and County Court (McGill, J.). Ultimately, the decision was left to defendant whether to accept the plea or apply for diversion. Defendant's contention that he was promised another plea offer at an unrecorded meeting in December 2014 and provided information in exchange was never mentioned at the plea proceedings and is unsupported by any other evidence, and County Court (Bruno, J.) providently concluded that there was no reasonable possibility that it was true (see CPL 440.30 [4] [d]).
Defendant's remaining claims raised in his motion pursuant to CPL 440.10 (1), many of which are based upon matters in the record and are thus reviewable on direct appeal (see CPL 440.20 [2] [b]), have been reviewed and do not warrant vacating the judgment of conviction. Defendant's argument that he was denied due process by the preindictment delay and that counsel's failure to move to dismiss the indictment on this basis constituted ineffective assistance of counsel was properly rejected. The drug sales occurred in February and April 2014, an indictment was handed up and unsealed on October 28, 2014 and he was arrested and taken into custody at his arraignment about a week later, resulting in a delay of approximately eight months during which he was not incarcerated. Considering the relevant factors, including the length of the delay, which was "comparatively brief" (People v Acevedo, 179 AD3d 1397, 1400 [2020]), we agree with County Court that the delay was not unreasonable and did not deprive him of due process, and no prejudice was shown (see People v Taranovich, 37 NY2d 442, 445-447 [1975]; People v Ruise, 86 AD3d 722, 723 [2011], lv denied 17 NY3d 861 [2011]). The record does not support the claim that "the delay was part of a deliberate effort to compromise his ability to mount a proper defense at trial" (People v Ebron, 90 AD3d 1243, 1246 [2011], lvs denied 19 NY3d 863, 866 [2012]). Given the foregoing, counsel's failure to include this ground in the motion to dismiss [*5]the indictment would have had little or no chance of success and did not amount to ineffective assistance of counsel (see People v Caban, 5 NY3d 143, 152 [2005]; People v Young, 190 AD3d 1087, 1094 [2021], lvs denied 1100, 1102 [2021]). Defendant's argument, raised for the first time in his postjudgment motion, that the statute under which he was convicted (see Penal Law 220.39) is unconstitutionally vague in that the definition of sell is overly broad (see Penal Law 220.00 [1]) has been rejected (see People v Singer, 101 AD2d 606, 606 [1984]; see also People v Starling, 85 NY2d 509, 514-516 [1995]). Defendant's remaining claims, including those in his pro se supplemental brief, have been reviewed and found to be without merit.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment and orders are affirmed.



Footnotes

Footnote 1: Defendant's written motion to withdraw his plea, received by County Court following sentencing, also included a request to proceed pro se on the motions, which the court granted. Contrary to defendant's contention, the court did not treat the motion as one made pursuant to CPL article 440.

Footnote 2: Defendant's oral motion to withdraw his guilty plea, made for the first time at sentencing, was not based on a claim that he had not been advised of the sentence terms and period of PRS (see CPL 220.60 [3]); that motion was denied immediately prior to sentencing. Defendant thereafter submitted a pro se written motion to withdraw his plea, which County Court denied in a written decision. Given that the court expressly ruled on the belated written motion, despite the procedural irregularity, we will address the issue raised as having been preserved (see CPL 470.05 [2]; People v Wolfe, 103 AD3d 1031, 1035 n 1 [2013], lv denied 21 NY3d 1021 [2013]).

Footnote 3: To the extent that defendant's motion to set aside the sentence primarily challenged his underlying convictions, raising arguments regarding the validity of his guilty plea and the conduct of defense counsel and the Assistant District Attorney, County Court (Bruno, J.) properly declined to address them in the context of this motion (see CPL 440.20 [4]).

Footnote 4: The notification to the Attorney General included in the record occurred after County Court issued its decision on the CPL 440.20 motion.

Footnote 5: The $60 restitution requested in the victim impact statement for a controlled drug buy that occurred prior to those charged in this indictment was not imposed in this restitution order.

Footnote 6: Insofar as defendant challenges County Court's denial of his motion to reargue the order denying his motion to set aside the sentence, the court's denial is not appealable (see People v Lamont, 144 AD3d 1330, 1331-1332 [2016], lv denied 28 NY3d 1185 [2017]).