People v Singh (2024 NY Slip Op 51168(U))

[*1]

People v Singh (Guriqbal)

2024 NY Slip Op 51168(U)

Decided on August 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., CHEREÉ A. BUGGS, PHILLIP HOM, JJ

2022-873 Q CR

The People of the State of New York, Respondent,
against
Guriqbal Singh, Appellant. 

Paula Schwartz Frome, for appellant.
Queens County District Attorney (Johnnette Traill, William H. Branigan and Lucy E. Pannes of counsel), for respondent.

Appeals from a judgment of the Criminal Court of the City of New York, Queens County (Eugene M. Guarino, J., at plea; Jerry M. Iannece, J., at sentencing), rendered September 15, 2022 and, by permission, from an order of that court (Jerry M. Iannece, J.), dated November 1, 2022. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the second degree, and imposed sentence. The order denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the judgment of conviction and order are affirmed.
Defendant appeals from a judgment of the Criminal Court, Queens County, rendered September 15, 2022 (Eugene M. Guarino, J., at plea; Jerry M. Iannece, J., at sentencing), upon his plea of guilty, convicting him of reckless endangerment in the second degree (Penal Law § 120.20). Before defendant was sentenced, he moved to vacate his plea pursuant to CPL 220.60. His motion was orally denied on September 15, 2022. After sentence was imposed, defendant [*2]moved, pursuant to CPL 440.10, to vacate the judgment of conviction. Defendant also appeals, by permission, from an order of that court (Jerry M. Iannece, J.) dated November 1, 2022 denying his CPL 440.10 motion without a hearing.
Defendant's CPL 220.60 motion to withdraw his guilty plea was based on the grounds that the plea allocution was insufficient, that defendant was innocent, and that counsel was ineffective for failing to inform defendant that he was innocent. The question of whether a defendant should be permitted to withdraw his or her guilty plea rests in the sound discretion of the trial court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60 [3]; 340.20 [1]; People v Baret, 11 NY3d 31, 33 [2008]; People v Tinsley, 35 NY2d 926, 927 [1974]; People v Cedeno, 65 Misc 3d 132[A], 2019 NY Slip Op 51604[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Under the circumstances presented here, it was not an improvident exercise of discretion for the Criminal Court to deny defendant's motion to withdraw his guilty plea (see People v Gould, 67 Misc 3d 129[A], 2020 NY Slip Op 50407[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Finnerty, 58 Misc 3d 145[A], 2017 NY Slip Op 51949[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Defendant's CPL 440.10 motion to vacate the judgment of conviction, insofar as relevant to this appeal, alleged ineffective assistance of counsel based on counsel's failure to advise defendant that his plea may have potential collateral consequences involving his New York City contracts and/or licenses, or, in the alternative, based on counsel's misadvice regarding such collateral consequences. We find that the motion was properly denied without a hearing (see People v Humphrey, 81 Misc 3d 133[A], 2023 NY Slip Op 51380[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Defendant's former defense counsel neither failed to advise nor misadvised defendant about possible collateral business consequences of the guilty plea. Rather, counsel noted on the record at the plea proceeding that, although he did not "believe" it would, defendant's guilty plea could affect his contracts with the city. In any event, generally, the failure to inform or accurately advise a defendant of a collateral consequence of a plea does not constitute the ineffective assistance of counsel (see People v Richardson, 132 AD3d 1022 [2015]; People v Hill, 57 Misc 3d 154[A], 2017 NY Slip Op 51605[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Cornejo, 11 Misc 3d 127[A], 2006 NY Slip Op 50226[U] [App Term, 1st Dept 2006]; cf. People v Baret, 23 NY3d 777, 784-785 [2014] [exception to the general rule, where collateral consequences involve the immigration status of the defendant]; cf. generally Padilla v Kentucky, 559 US 356, 369 [2010]). Contrary to defendant's contention, a review of the record in its entirety establishes that defendant received meaningful representation and the effective assistance of counsel under the federal and state standards (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]; People v Lucas, 215 AD3d 763, 764 [2023]).
Accordingly, the judgment of conviction and order are affirmed.
OTTLEY, J.P., BUGGS and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 9, 2024