■ The People of the State of New York, Respondent, v Ronald K. Duggins, Also Known as Chance, Appellant. [979 NYS2d 877]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 1, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

Defendant and two others were charged in an indictment with various crimes after they were stopped by police while driving toward an armed confrontation with another man. In satisfaction of the charges against him, defendant pleaded guilty to one count of criminal possession of a weapon in the second degree. County Court imposed the agreed-upon sentence of 6½ years in prison, to be followed by five years of postrelease supervision. Defendant now appeals, contending that his guilty plea was not knowingly, voluntarily and intelligently entered due to County Court's failure to explore potential intoxication and temporary innocent possession defenses during the plea colloquy.

We disagree and affirm. The record does not reflect that defendant moved to withdraw his plea or to vacate the judgment

of conviction and, accordingly, his arguments are unpreserved for our review (*see People v Pearson*, 110 AD3d 1116, 1116 [2013]; *People v English*, 100 AD3d 1147, 1148 [2012]). In any case, while defendant stated that he had been drinking on the night in question, his recollection during the plea colloquy was detailed and thorough, and he said nothing that would have warranted further inquiry by County Court (*see People v Kendall*, 91 AD3d 1191, 1193 [2012]; *People v Beach*, 306 AD2d 753, 754 [2003]). Defendant further admitted to concealing the loaded handgun at issue when the vehicle in which he was traveling was stopped by police, thus negating any potential temporary innocent possession defense (*see People v Banks*, 76 NY2d 799, 801 [1990]; *People v Curry*, 85 AD3d 1209, 1211 [2011], *lv denied* 17 NY3d 815 [2011]).

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.