■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. BROWN, Appellant. [2 NYS3d 699]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered September 26, 2012, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to attempted burglary in the second degree and waived his right to appeal his conviction and sentence. County Court thereafter sentenced defendant to three years in prison and three years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. The record reflects that County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea and explained the consequences of the waiver. Defendant thereafter affirmed his understanding of the waiver and executed a counseled written waiver (*see People v Chavis*, 117 AD3d 1193, 1193-1194 [2014]; *People v Campbell*, 114 AD3d 996, 997 [2014]). His valid appeal waiver precludes from our review his contention that his sentence is harsh and excessive (*see People v White*, 119 AD3d 1286, 1287 [2014]; *People v Brown*, 115 AD3d 1115, 1115 [2014], *lv denied* 24 NY3d 959 [2014]).

Defendant's claim that his plea should be vacated due to County Court's failure to inquire as to a potential intoxication defense is not preserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion (*see People v Duggins*, 114 AD3d 1001, 1001-1002 [2014], *lv denied* 23 NY3d 962 [2014]; *People v Phillips*, 30 AD3d 911 [2006], *lv denied* 7 NY3d 869 [2006]). Moreover, the narrow

exception to the preservation rule is not applicable, as defendant did not make any statements during the plea colloquy that cast significant doubt upon his guilt or obligated County Court to inquire as to a potential intoxication defense (*see People v Duggins*, 114 AD3d at 1002; *People v Pearson*, 110 AD3d 1116, 1116 [2013]). Finally, defendant's claim that he received ineffective assistance of counsel by counsel's failure to advise him of a possible intoxication defense and to properly investigate his case implicates matters outside of the record and, as such, is more properly considered in the context of a CPL article 440 motion (*see People v Sylvan*, 107 AD3d 1044, 1045-1046 [2013], *lv denied* 22 NY3d 1141 [2014]; *People v Carbone*, 101 AD3d 1232, 1234-1235 [2012]).

Egan Jr., Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.