*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 30, 2015                     106248
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

TIMOTHY BEBLOWSKI,
                        Appellant.
_____


Calendar Date:   March 26, 2015

Before:   Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____


        Brian M. Callahan, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered February 25, 2013, convicting
defendant upon his plea of guilty of the crime of burglary in the
second degree (three counts).

        In satisfaction of a 25-count indictment, defendant pleaded
guilty to three counts of burglary in the second degree and
waived his right to appeal from the conviction and sentence.
County Court thereafter sentenced defendant within the range
contemplated by the plea agreement, namely, an aggregate prison
term of eight years to be followed by postrelease supervision of
3½ years.  Defendant now appeals.

        We affirm.  Defendant's contention "that his plea should be vacated due to County Court's failure to inquire as to a potential intoxication defense is not preserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion" (People v Brown, 125 AD3d 1049, 1049 [2015]; see People v Duggins, 114 AD3d 1001, 1001-1002 [2014], lvs denied 23 NY3d 961, 962 [2014]).  Defendant, in any case, gave no indication during the plea colloquy that he was impaired at the time that the burglaries occurred, admitted without hesitation that he had committed them, and "said nothing that would have warranted further inquiry by County Court" (People v Duggins, 114 AD3d at 1002; see People v Brown, 125 AD3d at 1049-1050).  Finally, defendant does not dispute the validity of his appeal waiver.  Although his ineffective assistance of counsel argument survives the appeal waiver to the extent that it implicates the voluntariness of his plea, it is also unpreserved for our review given the absence of an appropriate postallocution motion (see People v Smith, 123 AD3d 1375, 1376 [2014]; People v Guyette, 121 AD3d 1430, 1431-1432 [2014]).

        Lahtinen, Rose and Devine, JJ., concur.


        ORDERED that the judgment is affirmed.




                ENTER:


                Robert D. Mayberger
                Clerk of the Court