■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. SHIPPS, Appellant. [25 NYS3d 399]—

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Keene, J.), rendered October 7, 2013, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to assault in the second degree. He was thereafter sentenced to two years in prison to be followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's claim that his plea should be vacated due to County Court's failure to inquire as to a potential intoxication defense during the plea colloquy is not preserved for our review as the record does not indicate that he made an appropriate postallocution motion (see *People v Brown*, 125 AD3d 1049, 1049 [2015]; *People v Duggins*, 114 AD3d 1001, 1001-1002 [2014], *lv denied* 23 NY3d 962 [2014]). Further, contrary to defendant's contention, the narrow exception to the preservation rule is not applicable. Although at an earlier plea proceeding defendant informed County Court that he was

"under the influence" when he committed the crime, County Court immediately adjourned the proceeding in order to provide defendant an opportunity to discuss a potential intoxication defense with counsel. Two weeks later, defendant returned and acknowledged that he had an opportunity to discuss his plea with counsel and pleaded guilty after affirming that he understood that he was waiving any potential defense to the charge. In light of the foregoing, County Court properly accepted defendant's guilty plea (*see People v Mead*, 64 AD3d 814, 815 [2009], *lv denied* 14 NY3d 890 [2010]; *People v Reid*, 21 AD3d 1215, 1216 [2005]).

Peters, P.J., Rose and Lynch, JJ., concur. Ordered that the judgment is affirmed.