Clark, J.
Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered August 9, 2014, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
Defendant was charged in a four-count indictment with murder in the second degree and other crimes. The charges followed an incident on September 21, 2013 in which defendant held his father hostage in the father’s bedroom and eventually shot his father multiple times in the head and body, causing his death. Pursuant to a negotiated agreement that included a waiver of appeal, defendant pleaded guilty to manslaughter in the first degree in satisfaction of all charges. Defendant was thereafter sentenced, consistent with the terms of the plea agreement, to a prison term of 20 years, followed by five years of postrelease supervision. Defendant now appeals.[1]
*1118 We affirm. Defendant argues that the plea allocution was deficient and that his plea should be vacated as involuntary due to County Court’s failure to inquire as to potential intoxication or justification defenses. While defendant’s challenge to the voluntariness of his guilty plea survives any appeal waiver, these claims are unpreserved for our review as the record fails to disclose that defendant made an appropriate postallocution motion to withdraw his guilty plea (see CPL 220.60 [3]; People v DeCenzo, 132 AD3d 1160, 1161 [2015]; People v Hudson, 130 AD3d 1320, 1320 [2015]; see also People v Davis, 24 NY3d 1012, 1013 [2014]). Indeed, at sentencing, defendant expressly indicated that he did not wish to withdraw his guilty plea. Moreover, the narrow exception to the preservation requirement was not implicated here, as defendant admitted that he intentionally aimed a gun at his father and shot him, intending to cause serious physical injury, and made no statements that were inconsistent with his guilt, negated an essential element of that crime or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 667-668 [1988]; People v Hare, 110 AD3d 1117, 1117 [2013]; see also People v Tyrell, 22 NY3d 359, 363-364 [2013]). In that regard, defendant did not at any point during the plea allocution claim or suggest that he was intoxicated or had acted in self-defense at the time of the shooting and, in recognition of the fact that he was the initial aggressor, he expressly waived any claim of self-defense.[2] Were these claims preserved, we would find that defendant’s guilty plea was knowing, voluntary and intelligent (see People v Haffiz, 19 NY3d 883, 884-885 [2012]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]).
Defendant further challenges the sentence as harsh and excessive. While a waiver of appeal was recited as a term of the plea agreement, we agree with defendant that his appeal waiver was not knowing, voluntary and intelligent, as County Court failed to explain the nature of the right being waived or ascertain that he had discussed it with counsel and further failed to adequately convey “that the right to appeal is separate and distinct from those rights automatically forfeited upon a *1119 plea of guilt” (People v Lopez, 6 NY3d 248, 256 [2006]). While the record on appeal contains a written waiver of appeal dated subsequent to sentencing, there was no reference to it on the record and, consequently, no “attempt by the court to ascertain on the record an acknowledgement from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents” (People v Callahan, 80 NY2d 273, 283 [1992]; accord People v Mones, 130 AD3d 1244, 1245 [2015]). While defendant’s challenge to the severity of the sentence is, therefore, not precluded (see People v Lopez, 6 NY3d at 256), we are not persuaded that a reduction of the sentence in the interest of justice is warranted (see CPL 470.15 [6] [b]). Defendant engaged in protracted violent conduct with his young daughter in the house, holding his father hostage for hours while shooting in the father’s vicinity at least 20 times to control his movements and thereafter repeatedly shot the father in the head and body, for which he expressed no remorse. We find no support for his claim that the agreed-upon sentence, which was less than the maximum (see Penal Law § 70.02 [3] [a]), was unduly harsh or excessive.
Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur.
Ordered that the judgment is affirmed.

. Although defendant’s notice of appeal contains an incorrect judgment date, we will overlook the error and treat the notice of appeal, which was *1118 timely, as valid (see CPL 460.10 [6]; People v Clapper, 133 AD3d 1037, 1038 n [2015]).

. Postplea comments subsequently made by a defendant during the Probation Department presentence investigation do not impose a duty of inquiry upon a trial court concerning potential defenses (see People v Pearson, 110 AD3d 1116, 1116 [2013]; People v Phillips, 30 AD3d 911, 911 [2006], lv denied 7 NY3d 869 [2006]). In any event, we note that defendant did not claim during his interview that he was intoxicated at the time of the shooting.