## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 19, 2016                107524
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                              MEMORANDUM AND ORDER

TIMOTHY E. MORRILL,
                    Appellant.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Marquetta Christy
of counsel), for respondent.

_____

Lahtinen, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered January 23, 2015, convicting
defendant upon his plea of guilty of the crime of unlawful
manufacture of methamphetamine in the third degree.

        Defendant waived indictment and pleaded guilty to a
superior court information charging him with unlawful manufacture
of methamphetamine in the third degree.  He also waived his right
to appeal, both orally and in writing.  Under the terms of the
plea agreement, he was to be sentenced to two years in prison, to
be followed by one year of postrelease supervision.  County Court
agreed to release defendant on his own recognizance pending
sentencing and advised him that if he violated the conditions of

his release, which included testing positive for the use of drugs, the court would not be bound by the sentencing commitment and could sentence him to 2½ years in prison. Prior to sentencing, defendant tested positive for drug use and County Court sentenced him to 2½ years in prison, to be followed by one year of postrelease supervision. Defendant now appeals.

Initially, defendant contends that his guilty plea was not knowing, voluntary and intelligent because he was not advised of potential sentencing consequences prior to entering his plea. Defendant, however, is foreclosed from raising this claim as it does not appear from the record that he made an appropriate postallocution motion (see People v Buck, 136 AD3d 1117, 1118 [2016]; People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2016]). Moreover, we do not find that the narrow exception to the preservation requirement is applicable here given that defendant did not make any statements during the plea colloquy that negated his guilt (see People v Buck, 136 AD3d at 1118; People v Butler, 134 AD3d at 1350). Defendant's alternative argument that his sentence is harsh and excessive is precluded by his valid waiver of the right to appeal as County Court advised him of the consequences of violating the release conditions as well as the maximum sentence that could be imposed (see People v Perkins, 125 AD3d 1045, 1047 [2015]; People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]).

Peters, P.J., Garry, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court