■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HOPPER, JR., Appellant. [61 NYS3d 176]—

McCarthy, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 7, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a multicount indictment, defendant pleaded guilty to one count of burglary in the second degree and waived his right to appeal. County Court sentenced him as a second felony offender to seven years in prison, to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we find that defendant's waiver of appeal was knowing, voluntary and intelligent (*see People v Sanders*, 25 NY3d 337, 340-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). During the plea colloquy, County Court ascertained that defendant had adequate opportunity to discuss the plea agreement with counsel, understood the terms and was voluntarily waiving his right to appeal as part of the plea bargain (*see People v Belile*, 137 AD3d 1460, 1461 [2016]). County Court further ascertained that defendant understood that he was giving up his right to appeal, explained the appellate rights that could not be waived and ascertained that defendant understood that the appeal waiver was separate and distinct from those rights that he automatically forfeited by his guilty plea (*see People v Lopez*, 6 NY3d at 256-257; *People v Belile*, 137 AD3d at 1461; *People v Rushlow*, 137 AD3d 1482, 1483 [2016]). Defendant executed a written waiver of appeal in open court that indicated that he had sufficient time to discuss the waiver with counsel (*see People v Belile*, 137 AD3d at 1461; *People v Lyman*, 119 AD3d 968, 969 [2014], *lv denied* 27 NY3d 1153 [2016]). Considering the foregoing, defendant demonstrated his understanding and voluntary waiver of his right to appeal (*see People v Empey*, 144 AD3d 1201, 1202-1203 [2016], *lv denied* 28 NY3d 1144 [2017]; *People v Lester*, 141 AD3d 951, 953 [2016], *lv denied* 28 NY3d 1185 [2017]; *People v Belile*, 137 AD3d at 1461).

We reject defendant's contention that his guilty plea was not knowing, voluntary and intelligent because County Court failed to inquire as to a potential intoxication defense. Although defendant's contention survives his valid appeal waiver, it is unpreserved for our review inasmuch as the record fails to reflect that defendant made an appropriate postallocution motion to withdraw his guilty plea (*see* CPL 220.60 [3]; *People v McCray*, 139 AD3d 1235, 1235-1236 [2016]; *People v Buck*, 136 AD3d 1117, 1118 [2016]). Moreover, defendant did not make any statements during the plea colloquy that cast doubt upon

his guilt or negated an essential element of the crime so as to trigger the narrow exception to the preservation requirement or to impose an obligation upon County Court to inquire as to a potential intoxication defense (*see People v Austin*, 141 AD3d 956, 957 [2016]; *People v Buck*, 136 AD3d at 1118; *People v Brown*, 125 AD3d 1049, 1049-1050 [2015]). Indeed, defendant did not at any point during the plea colloquy indicate that he was intoxicated at the time of the burglary and admitted without hesitation that he broke into a dwelling with the intent to commit a crime therein (*see People v Buck*, 136 AD3d at 1118; *People v Beblowski*, 127 AD3d 1505, 1505 [2015], *lv denied* 26 NY3d 926 [2015]; *People v Jones*, 73 AD3d 1386, 1387 [2010]). Contrary to defendant's argument, the arrest report and witnesses' depositions submitted to County Court before the plea colloquy did not suggest that defendant was intoxicated at the time of the crime, and the postplea comments subsequently made by defendant during the Probation Department's presentence investigation regarding his intoxication do not impose a duty of inquiry upon County Court concerning a potential intoxication defense (*see People v Larock*, 139 AD3d 1241, 1242 [2016], *lv denied* 28 NY3d 932 [2016]; *People v Buck*, 136 AD3d at 1118 n 2; *People v Phillips*, 30 AD3d 911, 911 [2006], *lv denied* 7 NY3d 869 [2006]).

Finally, defendant's valid appeal waiver precludes his challenge to the severity of the sentence imposed (*see People v Doggett*, 146 AD3d 1172, 1173 [2017], *lv denied* 29 NY3d 1031 [2017]; *People v McCall*, 146 AD3d 1156, 1157 [2017], *lv denied* 29 NY3d 1034 [2017]; *People v Belile*, 137 AD3d at 1461). Defendant's remaining contentions have been examined and found to be lacking in merit.

Garry, Lynch, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.