People v Carston (2018 NY Slip Op 05228)





People v Carston


2018 NY Slip Op 05228


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

108053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALLAHVELLE A. CARSTON, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Christopher Hammond, Cooperstown, for appellant, and appellant pro se.
Weeden A. Wetmore, District Attorney, Elmira (Sophie Marmor of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 19, 2015, convicting defendant upon his plea of guilty of the crime of assault in the first degree, and (2) by permission, from an order of said court, entered December 21, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In November 2012, defendant was charged by indictment with attempted murder in the second degree and assault in the first degree for allegedly stabbing the victim in the left side of his chest and in his right arm during an altercation. Defendant was ultimately arraigned in November 2014 after being apprehended in Florida by the United States Marshals Service. In full satisfaction of the indictment, defendant entered into a plea agreement before County Court (Rich Jr., J.) whereby he agreed to plead guilty to assault in the first degree in exchange for a prison term of 10 years, followed by five years of postrelease supervision. County Court (Hayden, J.) subsequently sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreement. Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, alleging that he received ineffective assistance of counsel, that the prosecutor engaged in prosecutorial misconduct and that he did not knowingly, voluntarily and intelligently enter into his plea agreement. County Court denied the motion without a hearing. [*2]Defendant now appeals from the judgment of conviction and, with permission of this Court, from the order denying his CPL article 440 motion.
We affirm. Initially, by pleading guilty, defendant forfeited his claim that County Court failed to rule on his preplea motion to dismiss the indictment pursuant to CPL 210.30, as the right to challenge the sufficiency of the grand jury evidence ceases upon entry of a guilty plea (see People v Dunbar, 53 NY2d 868, 871 [1981]; People v Williams, 25 AD3d 927, 929 [2006], lv denied 6 NY3d 840 [2006]). Defendant's claim that he was deprived of his statutory right to a speedy trial under CPL 30.30 is similarly foreclosed by his guilty plea (see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Friscia, 51 NY2d 845, 847 [1980]; People v Lydecker, 116 AD3d 1160, 1161 [2014], lv denied 24 NY3d 962 [2014]).
Defendant's contentions regarding the factual sufficiency of the plea allocution and County Court's (Rich Jr., J.) failure to inquire about a possible justification defense before accepting the plea are unpreserved, as he failed to make an appropriate postallocution motion (see People v Muller, 159 AD3d 1232, 1232 [2018]; People v Bailey, 158 AD3d 948, 948 [2018]; People v Buck, 136 AD3d 1117, 1118 [2016]). Furthermore, defendant did not make any statements during the plea allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea, so as to trigger the narrow exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 363 [2013]; People v Johnson, 153 AD3d 1047, 1048 [2017], lv denied 30 NY3d 1061 [2017]). Moreover, defendant did not, at any time during the plea allocution, make any statements that would suggest that he acted in self-defense and thereby require the court to inquire further (see People v Buck, 136 AD3d at 1118; compare People v Perez, 101 AD3d 1162, 1162-1163 [2012]).
Finally, with respect to defendant's appeal from the denial of his CPL article 440 motion, County Court (Hayden, J.) was not required to conduct a hearing regarding defendant's ineffective assistance of counsel claim based upon defense counsel's alleged failure to advise him of a potential justification defense and to secure statements from certain potential witnesses. Defendant's own sworn statements, made in support of his postconviction motion, demonstrate that he and defense counsel discussed the possibility of asserting that defendant acted in self-defense and that defense counsel advised against that defense. Furthermore, although defendant takes issue with defense counsel's alleged failure to locate and speak with a particular grand jury witness, defendant failed to demonstrate that this person could or would have provided any information that would have been helpful to his defense (compare People v Cruz, 152 AD3d 822, 825 [2017], lv denied 30 NY3d 1018 [2017]; People v Rapp, 133 AD3d 979, 980-981 [2015]). Accordingly, as defendant did not support his claim of ineffective assistance of counsel with factual allegations that, if established, would entitle him to relief, County Court properly denied the motion without a hearing (see People v Satterfield, 66 NY2d 796, 799 [1985]; People v Griffin, 89 AD3d 1235, 1237-1238 [2011]).
McCarthy, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.