People v Strack (2018 NY Slip Op 07495)





People v Strack


2018 NY Slip Op 07495


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

109498

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DEBORAH STRACK, Appellant.

Calendar Date: September 18, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G. Blatchely of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered April 13, 2017, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the second degree (three counts), criminal possession of a controlled substance in the third degree and conspiracy in the second degree.
In satisfaction of a 12-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the second degree (three counts), criminal possession of a controlled substance in the third degree and conspiracy in the second degree and waived the right to appeal. County Court thereafter imposed the agreed-upon aggregate prison sentence of five years, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's contention, we find that her appeal waiver was knowing, intelligent and voluntary. County Court advised defendant that an appeal waiver was a condition of the plea agreement and explained that the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea, and defendant acknowledged that she understood the nature of the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Dobbs, 157 AD3d 1122, 1122-1123 [2018], lv denied 31 NY3d 983 [2018]). Defendant also signed a written waiver in open court that included the consequences of the waiver and confirmed that she had discussed the waiver with counsel and understood it. Under these circumstances, we are satisfied that defendant's waiver of the right to appeal was valid (see People v Williams, 163 AD3d 1172, 1172-1173 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]; People v Hopper, 153 AD3d 1045, 1046 [2017], lv denied 30 NY3d 1061 [2017]). The valid appeal waiver precludes defendant's challenge to the severity of her sentence (see People v Lopez, 6 AD3d at 255-256; People v Velez, 158 AD3d 952, 952-953 [2018]).
Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.