People v Allen (2018 NY Slip Op 07775)





People v Allen


2018 NY Slip Op 07775


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

107931

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANTHONY ALLEN, Also Known as LUCKY, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Jacob A. Vredenburgh, Wynantskill, for appellant.
P. David Soares, District Attorney, Albany (Noel Mendez of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 3, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a nine-count indictment, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree and to waive his right to appeal in exchange for a prison term of 5½ years followed by three years of postrelease supervision. Following a detailed plea colloquy, defendant pleaded guilty to the subject crime, and County Court thereafter imposed the agreed-upon sentence. This appeal ensued.
We affirm. Although defendant's challenge to the voluntariness of his plea survives his unchallenged waiver of the right to appeal, this issue is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Williams, 163 AD3d 1172, 1173 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]; People v Widger, 160 AD3d 1297, 1297 [2018]). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Reap, 163 AD3d 1287, 1289 [2018]; People v Burks, 163 AD3d 1286, 1287 [2018]; People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]). Contrary to defendant's assertion, nothing on the face of the plea colloquy, wherein defendant expressly confirmed that he had discussed possible defenses to the charged crime with counsel, cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Bailey, 158 AD3d 948, 948 [2018]; People v Hopper, 153 AD3d 1045, 1046-1047 [2017], lv denied 30 NY3d 1061 [2017]). To the extent that defendant asserted that "he was under the influence of weed during the course of the [subject] offense," this claim "was articulated for the first time during his presentence interview with the Probation Department, and County Court was under no obligation to conduct any further inquiry in [*2]response to this belated, postplea assertion" (People v Bailey, 158 AD3d at 949; see People v Hopper, 153 AD3d at 1047). Finally, defendant's challenge to the severity of the agreed-upon sentence imposed is precluded by his unchallenged appeal waiver (see People v Blackburn, 164 AD3d 960, 962 [2018]).
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.