People v Fedderman (2019 NY Slip Op 01682)





People v Fedderman


2019 NY Slip Op 01682


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

109494

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL FEDDERMAN, Appellant.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ.


Cliff Gordon, Monticello, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (Schick, J.), rendered May 12, 2017, convicting defendant upon his plea of guilty of the crimes of assault in the second degree (two counts) and endangering the welfare of an incompetent or physically disabled person in the first degree.
Defendant pleaded guilty to assault in the second degree (two counts) and endangering the welfare of an incompetent or physically disabled person in the first degree, with the understanding that he would be sentenced to a prison term of no less than three years and no more than 13 years, to be followed by five years of postrelease supervision, and he waived the right to appeal. County Court thereafter sentenced him, as a second felony offender, to consecutive sentences of five years in prison on each assault conviction, to be followed by five years of postrelease supervision, and 2 to 4 years in prison for the endangering conviction, with that sentence to run concurrently with the sentences imposed on the assault convictions. Defendant appeals.
We affirm. We reject defendant's claim that his waiver of the right to appeal was invalid. County Court explained the nature of the waiver and that the right to appeal was separate and distinct from the rights automatically forfeited by a guilty plea, and defendant affirmed his understanding thereof (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Dobbs, 157 AD3d 1122, 1122 [2018], lv denied 31 NY3d 983 [2018]). Defendant also executed a written waiver that described the scope of the appellate rights being waived and included defendant's acknowledgment that he had sufficient time to discuss the waiver with counsel. Under these circumstances, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Strack, 166 AD3d 1171, 1172 [2018]; People v Hopper, 153 AD3d 1045, 1046 [2017], lv denied 30 NY3d 1061 [2017]). Accordingly, defendant's challenge to the severity of his sentence is precluded (see People v Nieves, 163 AD3d 1359, 1360 [2018], lv denied 32 NY3d 1006 [2018]; People v Ward, 161 AD3d 1488, 1488 [2018], lv denied 32 NY3d 942 [2018]).
Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.