People v Goodwalt (2022 NY Slip Op 03029)

People v Goodwalt

2022 NY Slip Op 03029

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

110177 110178 112640
[*1]The People of the State of New York, Respondent,
v
Ted Goodwalt, Appellant.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Angela M. Kelley, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Jason J. Kovacs of counsel), for respondent.

Aarons, J.
Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), rendered January 18, 2018, convicting defendant upon his plea of guilty of the crime of aggravated family offense, (2) from a judgment of said court, rendered January 18, 2018, which revoked defendant's probation and imposed a sentence of imprisonment, and (3) by permission, from an order of said court, entered March 20, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In January 2017, defendant pleaded guilty to attempted assault in the second degree stemming from his assault on his girlfriend (hereinafter the victim) with whom he lived, in satisfaction of numerous other charges, and was thereafter sentenced to five years of probation. On June 16, 2017, while on probation and in violation of a no-harassment order of protection, defendant returned home after a night of drinking and assaulted and strangled the victim as she slept. Defendant was thereafter charged with violating the conditions of probation by, among other conduct, violating the order of protection, assaulting the victim and consuming beer. Pursuant to a negotiated plea agreement that required a waiver of appeal, defendant waived indictment and pleaded guilty as charged in a superior court information to the crime of aggravated family offense stemming from the June 16, 2017 incident. That plea satisfied upwards of 50 potential charges for violating the order of protection in place to protect the victim. Defendant also admitted violating the conditions of probation by committing additional crimes on June 16, 2017. Consistent with the agreement, defendant was sentenced, as an acknowledged second felony offender, to a prison term of 2 to 4 years upon his conviction of aggravated family offense. With regard to the probation violation, County Court revoked defendant's probation and imposed a prison term of 1&frac13; to 4 years, to be served consecutively to the sentence imposed upon his aggravated family offense conviction.
Defendant thereafter moved, pro se, under CPL 440.10, to vacate the judgment convicting him of aggravated family offense, arguing, among other things, that he had been denied the effective assistance of counsel, which the People opposed. County Court denied the motion, without a hearing. Defendant appeals from both judgments and, with permission, from the order denying his motion to vacate.
Under the circumstances of this case, defendant's waiver of appeal was not made knowingly, intelligently and voluntarily (see People v Moore, 201 AD3d 1209, 1210 [2022]; People v Griffen, 200 AD3d 1195, 1195-1196 [2021], lv denied 37 NY3d 1161 [2022]). The record reflects that County Court utilized overbroad language when explaining that, by waiving the right to appeal, such right was "gone forever" and defendant could "never have it back on this case." The written waiver likewise contained some overbroad language, and "the court [*2]failed to ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d 1313, 1314 [2021] [internal quotation marks and citations omitted]; see People v Lunan, 196 AD3d 969, 970 [2021]). Accordingly, defendant is not precluded from challenging the imposed sentence as harsh and excessive (see People v Lunan, 196 AD3d at 970; People v Deming, 190 AD3d 1193, 1194 [2021], lv denied 36 NY3d 1119 [2021]). Nevertheless, the record fails to disclose extraordinary circumstances or an abuse of the court's discretion so as to warrant modification of the sentence in the interest of justice (see People v Latifi, 171 AD3d 1351, 1351 [2019]; People Dunster, 146 AD3d 1029, 1031 [2017], lv denied 29 NY3d 997 [2017]).
Defendant's challenge to his guilty plea as not knowing, voluntary and intelligent survives regardless of the validity of his waiver of appeal (see People v Smith, 188 AD3d 1357, 1357 [2020]), but was not preserved by an appropriate postallocution motion despite ample opportunity to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-222 [2016]). Moreover, defendant did not make any statements during the plea allocution that would implicate the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Contrary to his claim, defendant made no statements during the plea proceeding suggesting that he acted with justification at the time of the June 2017 assault, admitting without qualification that he had intentionally caused physical injury to the victim. The prior claims during the bail application process and defendant's subsequent, postplea comments to the Probation Department during the presentence investigation did not impose a duty of inquiry upon County Court regarding potential defenses (see People v Carston, 163 AD3d 1166, 1168 [2018], lv denied 32 NY3d 1002 [2018]; People v Hopper, 153 AD3d 1045, 1047 [2017], lv denied 30 NY3d 1061 [2017]; People v Buck, 136 AD3d 1117, 1118 & n 2 [2016]). Moreover, the court had no obligation to review all potential defenses that might be waived by the plea (see People v Miller, 70 AD3d 1120, 1121 [2010], lv denied 14 NY3d 890 [2010]). Defendant's argument that he was unaware that the agreement provided for consecutive sentences is belied by the record.
Defendant's claim that counsel failed to provide meaningful representation is also unpreserved for our review on direct appeal (see People v Morehouse, 183 AD3d 1180, 1183 [2020], lv denied 35 NY3d 1068 [2020]). His assertions as to what counsel advised or failed to advise regarding possible defenses and the strength of the People's case are outside of the record on direct appeal (see People v Johnson, 194 AD3d 1267, 1269 [2021]; People v Miller, 190 AD3d 1029, 1031 [2021]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]).
Turning to defendant's CPL 440.10 motion, he incorrectly asserts that he was unlawfully charged with an aggravated [*3]family offense in that he was never convicted of any "specified offense" under Penal Law § 240.75 (2). An accusatory instrument charging "aggravated family offense must provide allegations of fact demonstrating that defendant has committed a statutorily enumerated 'specified offense' pursuant to Penal Law § 240.75 (2) and, within the preceding five years, has also been convicted of at least one other specified offense" (People v Lapham, 172 AD3d 1634, 1636 [2019], lv denied 33 NY3d 1070 [2019], citing Penal Law § 240.75 [1]). Defendant was charged with and admitted to committing assault in the third degree against a member of his household on June 16, 2017 (see Penal Law § 120.00 [1]), a "specified offense" under Penal Law § 240.75 (2), and the accompanying special information (see CPL 200.63 [1]) established, as he admitted, that he had previously been convicted of attempted assault in the second degree earlier in 2017, also a "specified offense" under Penal Law § 240.75 (2) (see Penal Law §§ 110.00, 120.05 [1]).
Given that defendant's mixed claims of ineffective assistance of counsel are premised on both record-based and nonrecord-based allegations, they are properly reviewed in their entirety on defendant's appeal from the denial of his CPL 440.10 motion (see People v White-Span, 182 AD3d 909, 914 [2020], lv denied 35 NY3d 1071 [2020]; People v Taylor, 156 AD3d 86, 92 [2017], lv denied 30 NY3d 1120 [2018]). Defendant's claim that counsel was ineffective for failing to advocate for concurrent sentences or to advise him that he faced consecutive sentences is unavailing, as County Court expressly made clear that the sentences would run consecutively, and defendant accepted those terms. Defendant's additional allegations are not substantiated by his own affidavit in support of the motion. Furthermore, no attorney affidavit was submitted, and no explanation is provided for its absence (see People v Stanley, 189 AD3d 1818, 1819 [2020]). Moreover, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Phillip, 200 AD3d 1108, 1110 [2021] [internal quotation marks and citations omitted]). The record reflects that defendant assured the court during the plea allocution that he was satisfied with counsel's representation and had no questions, he received a favorable plea deal that resolved upwards of 50 potential charges for violating the order of protection and he failed to demonstrate the lack of strategic or other legitimate reasons for counsel's course of action (see People v Agueda, 202 AD3d 1153, 1156 [2022]). Accordingly, the court did not abuse its discretion in summarily denying defendant's CPL 440.10 motion.
Garry, P.J., Lynch, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgments and order are affirmed.