People v See (2022 NY Slip Op 03766)

People v See

2022 NY Slip Op 03766

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

110628 112724
[*1]The People of the State of New York, Respondent,
v
David See, Appellant.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jamie A. Douthat of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the County Court of Clinton County (Favreau, J.), rendered January 4, 2018, convicting defendant upon his plea of guilty of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered December 21, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Following a period of time in which this matter was pending in local criminal court, defendant was charged in a 16-count indictment with sexual abuse in the first degree, two counts of criminal sexual act in the first degree, two counts of criminal sexual act in the third degree, five counts of rape in the first degree, five counts of rape in the third degree and endangering the welfare of a child. These charges stemmed from allegations that defendant, who was born in 1975, had engaged in sexual intercourse and other sexual conduct with the victim, who was less than 17 years old at the time.
Defendant eventually pleaded guilty to a single count of rape in the first degree in satisfaction of the charges set forth in the indictment and purported to waive his right to appeal. County Court sentenced defendant, as agreed upon, to a prison term of 10 years to be followed by 10 years of postrelease supervision. Defendant thereafter moved to vacate his conviction pursuant to CPL 440.10, primarily alleging that he was denied the effective assistance of counsel. County Court denied defendant's motion without a hearing. Defendant appeals from the judgment and, by permission, from the order denying his CPL 440.10 motion.[FN1] We affirm.
Initially, the People concede, and we agree, that the waiver of the right to appeal is invalid. The written waiver was overbroad as it purported to present a bar to "all post-conviction remedies" and, moreover, County Court did not ensure that "defendant had read the waiver, understood it or had ample time to discuss it with counsel" (People v Williams, 202 AD3d 1162, 1163 [2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 954 [2022]; see People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]). Despite the court's indication during the oral colloquy that some constitutional claims survived, the court failed to specify which rights and, rather, stated that the waiver of the right to appeal presented a "practical" end to defendant's case. This was insufficient to remedy the defects, such that it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 560, 563 [2019]; People v Linear, 200 AD3d 1498, 1499 [2021], lvs denied 38 NY3d 951, 952 [2022]; People v Brito, 184 AD3d 900, 901 [2020]).
Defendant argues that County Court erred in denying his request to have new counsel assigned and, as a result, his guilty plea was not knowing, intelligent and voluntary. However, even assuming that this argument was not "abandoned when[*2][defendant] decided to plead guilty while still being represented by the same attorney," it is nevertheless unpreserved for our review given defendant's failure to make an appropriate postallocution motion to withdraw his plea (People v Crampton, 201 AD3d 1020, 1022 [2022] [internal quotation marks and citations omitted], lv denied 37 NY3d 1160 [2022]).[FN2] Contrary to defendant's contention, his filing of a CPL article 440 motion did not suffice to preserve this issue for appellate review on his direct appeal (see People v Morales, 119 AD3d 1082, 1084 n [2014], lv denied 24 NY3d 1086 [2014]). Further, the narrow exception to the preservation requirement is not implicated "as defendant did not make any statements — either during the plea colloquy or at the time of sentencing — that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Wood, 203 AD3d 1406, 1406-1407 [2022]; see People v Rhodes, 203 AD3d 1316, 1317 [2022]). Were this issue properly before us, we would find that County Court undertook an acceptable inquiry in light of defendant's cursory assertions regarding his alleged difficulties with trial counsel and did not abuse its discretion in denying defendant's request, as he did not demonstrate good cause for substitution of counsel (see People v LaPierre, 195 AD3d 1301, 1304 [2021]; People v Blanford, 179 AD3d 1388, 1392 [2020], lv denied 35 NY3d 968 [2020]).
Turning to defendant's CPL 440.10 motion, "a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Beverly, 196 AD3d 864, 865 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1058 [2021]; see People v Durham, 195 AD3d 1318, 1320 [2021], lv denied 37 NY3d 1160 [2022]). Where, as here, "the motion is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof" (CPL 440.30 [1] [a]). In connection with his motion, defendant submitted a notice of motion, a sworn affidavit, and multiple exhibits, each of which had attached to it handwritten arguments from defendant. In his sworn affidavit, defendant made only a generic and conclusory reference to "ineffective assistance of counsel based on the evidence presented during the proceedings and facts showing how the defense attorney violated [his] due process rights." As for the remainder of defendant's submissions, his handwritten arguments were unsworn and self-serving, and the exhibits failed to support his allegations of ineffective assistance of counsel. Under these circumstances, County Court did not abuse its discretion in summarily denying defendant's motion (see People v Vittengl, 203 AD3d 1390, 1393 [2022]; People v Spradlin, 188 AD3d 1454, 1460-1461 [2020], lv denied 37 NY3d 960 [2021]). In any event, "in the context of a guilty [*3]plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Goodwalt, ___ AD3d ___, ___, 2022 NY Slip Op. 03029, *3 [2022] [internal quotation marks, brackets and citations omitted]), as is the case here.
Defendant's remaining contentions, to the extent not expressly addressed herein, have been reviewed and determined to be without merit.
Clark, J.P., Pritzker, Colangelo and McShan, JJ., concur.
Ordered that the judgment and order are affirmed.

Footnotes

Footnote 1: Pursuant to a December 2021 order, this Court granted defendant's motion to expand the record to allow the inclusion of the transcripts of the local criminal court proceedings and accepted these transcripts for filing without prejudice to the issues involved being raised upon the argument of the appeal (2021 NY Slip Op 75766[U]).

Footnote 2: In light of this lack of preservation, the issue of whether the transcripts from the local criminal court proceedings should properly be considered as part of the record on appeal has been rendered academic.